UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 1:21-cv-20905-JLK

SYLJACQUES FRANCOIS,

    Plaintiff,

v.

ALLIED UNIVERSAL SECURITY *et al*.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS CAUSE came before the Court upon Plaintiff Syljacques Francois' Application for Leave to Proceed In Forma Pauperis (the "Motion"). ECF No. [3]. The Honorable James L. King, United States District Judge referred the Motion to the undersigned for proper disposition. ECF No. [5].

Plaintiff, a pro se litigant, has not paid the required filing fee, and the screening provisions of 28 U.S.C. Section 1915(e) apply. Pursuant to that statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915 (e)(2) (alterations added). For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's Application for Leave to Proceed In Forma Pauperis be **DENIED**, all pending motions be **DENIED AS MOOT**, and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.[1]

---

[1] The undersigned notes that, based upon Plaintiff's monthly income and expenses reported in the Motion, Plaintiff meets the financial requirements for IFP status. Specifically, Plaintiff reports a

I.   DISCUSSION

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim for relief, a plaintiff must "plead[] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jones v. Gadsden County Sch.*, 755 Fed. App'x. 954, 955 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997).

As a pro se litigant, Plaintiff is entitled to the Court's liberal construction of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*). Nonetheless, the Court may dismiss the Complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). Plaintiff has filed the Complaint, ECF No. [1], where he appears to seek

---

monthly income of $1,560.00, with monthly expenses of $1,780.00. *See* ECF No. [3]. There is no specific guidance regarding an income threshold to determine indigency for plaintiffs in federal civil cases. In federal bankruptcy cases, however, 28 U.S.C. § 1930 provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline. In addition, the undersigned notes that Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons filing lawsuits in Florida state courts. Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines. § 57.082 (2)(a)(1), Fla. Stat. (2012). The 2021 Department of Health and Human Services' Poverty Guidelines for a family of one is $12,880.00; and for a family of two it is $17,420.00. *See* 86 Fed. Reg. 7732 (Feb. 1, 2021).

relief against Allied Universal Security Services LLC ("Allied Universal") and its personnel. Specifically, Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983 against Allied Universal and its personnel for allegedly garnishing Plaintiff's funds "without proper due process and without clear validation of [an] income withholding order." *Id.* at 4.

Upon review of Plaintiff's Complaint, the undersigned finds that Plaintiff's allegations fail to state a claim upon which relief can be granted. "In order to state a claim under § 1983, the plaintiff must show '(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law.'" *Gottschalk v. Gottschalk*, 10-11979, 2011 WL 2420020, at *6 (11th Cir. June 16, 2011) (quoting *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005). Here, Plaintiff fails to state a e law. *See Sheptin v. San Diego Police Dep't*, 18-CV-2083-LAB, 2018 WL 4468833, at *2 (S.D. Cal. Sept. 18, 2018) (dismissing plaintiff's claim against Allied Universal because "Allied Universal [is a] private entit[y] not subject to claims brought under § 1983 or the Due Process Clause.") (citing *Sutton v. Providence St. Joseph. Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)). Indeed, it is well established that "nothing in the language of the Due Process Clause . . . requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).

## II.     RECOMMENDATION

Therefore, in accordance with the foregoing Report and Recommendation, the undersigned hereby **RECOMMENDS** that Plaintiff's Application for Leave to Proceed In Forma Pauperis be **DENIED**, all pending motions be **DENIED AS MOOT**, and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

### III. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 22 day of June, 2021.

JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE